IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MELISSA BROWN                                                                                PLAINTIFF

vs.                              Civil No. 4:14-cv-04045

CAROLYN W. COLVIN                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      Melissa Brown ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

      Plaintiff protectively filed an application for DIB on June 24, 2011.  (Tr. 11, 108-112).  Plaintiff alleged she was disabled due to ruptured disc in back and neck, pain in arm and knee, anxiety, and depression.  (Tr. 108-112,130).  Plaintiff alleged an onset date of June 12, 2011.  (Tr. 11, 108).  This application was denied initially and again upon reconsideration.  (Tr. 11).  Thereafter, Plaintiff requested an administrative hearing on her application and this hearing request was granted.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

(Tr. 59).

Plaintiff's administrative hearing was held on February 13, 2013. (Tr. 33-50). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Lakedra Parker testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-seven (47) years old and had a high school education along with a license for certified nursing assistant. (Tr. 35-36).

On April 10, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 11-26). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 13, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 12, 2011. (Tr. 13, Finding 2).

The ALJ determined Plaintiff had the severe impairment of obesity; depression; anxiety; right knee arthritis and residuals from surgery; cervical degenerative changes and residuals from two surgeries; and lumbar degenerative disc disease and residuals from surgery. (Tr. 13, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 18-24). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for sedentary work but should avoid climbing, using ladders, ropes, and scaffolding; cold and heat extremes; humidity and wet environments; vibrations, fumes, odors, and hazardous machinery; could not crawl or perform overhead reaching bilaterally; was limited to frequent handling and

2

fingering; has the ability to understand, carry out, and remember short and simple tasks and instructions; and should have occasional contact with the general public, coworkers, and supervisors. (Tr. 18).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 24, Finding 6). The ALJ found Plaintiff unable to perform her PRW. *Id.* The ALJ however determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 25, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 46-49). Based upon that testimony, the ALJ determined Plaintiff retained the ability to perform other work such as an order clerk with 3,200 such jobs in the Arkansas and 185,000 such jobs in the nation, change account clerk with 1,400 such jobs in the Arkansas and 180,000 such jobs in the nation, and optical goods worker with 1,800 such jobs in the Arkansas and 135,000 such jobs in the nation. (Tr. 25). Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from June 12, 2011 through the date of his decision. (Tr. 26, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 7). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-6). On March 25, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 26, 2014. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10, Pg. 10-20. Specifically, Plaintiff claims the ALJ erred: (1) in failing to find Plaintiff met a Listing, (2) in failing to give proper treatment to the opinions of Plaintiff's treating physician, (3) in the RFC determination of Plaintiff, and (4) in failing to submit a proper hypothetical to the VE. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 11. Because this Court finds the ALJ erred in the treatment of the opinions of a treating physician, this Court will only address this issue.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013

(quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

On December 19, 2010, Plaintiff was involved in a motor vehicle accident that resulted in back and neck injuries. (Tr. 14). Following this, she underwent two surgeries to her cervical area on October 20, 2011 and February 8, 2012. (Tr. 555-557, 691-693). Plaintiff's treating physician for both theses surgeries was Dr. John Day. *Id.* On April 13, 2012, Dr. Day prepared a Medical Opinion Regarding Ability To Perform Work Related Activities. (Tr. 761-764). In this report, Dr. Day's opinion provided more limitations on Plaintiff's ability than found by the ALJ in his RFC determination. *Id.* The ALJ also mentioned that Dr. Day's diagnosis was cervical fusion with muscle spasm and pain, but that Dr. Day did not state why the cervical fusion did not correct Plaintiff's issues. (Tr. 21). The ALJ then makes the statement, "Is this a failed cervical fusion?" *Id.* Given the significance of Dr. Day to Plaintiff's medical history, the ALJ should have contacted Dr. Day for further clarification rather than to speculate about the treatment provided.

In discussing Dr. Day's opinions, the ALJ stated he assigned partial weight to Dr. Day's limitations. (Tr. 21). The ALJ felt Dr. Day's limitations were inconsistent with other findings. *Id*. The ALJ gave no further analysis of why he gave Dr. Day's limitations less weight.

On October 28, 2012, based on Plaintiff's degenerative lumbar disc disease, Dr. John Dietz, performed back surgery on Plaintiff. (Tr. 860-861). In his opinion, the ALJ states Dr. Dietz is a "key physician" in the care of Plaintiff. (Tr. 22). The ALJ felt he needed additional information from Dr. Dietz to clarify matters raised by Plaintiff and Dr. Day. *Id.* The ALJ sent interrogatories to Dr. Dietz that were not answered. *Id.* However, when Plaintiff was seen by Dr. Dietz on January 14, 2013, Dr. Dietz stated it was too early to predict Plaintiff's prognosis from her back surgery. (Tr. 1356-1357). As previously stated, the ALJ's decision was made April 10, 2013.

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so." *Id.* (internal quotation and citation omitted). In this matter, the ALJ's complete lack of analysis and review certainly does not amount to "good reasons" for discounting Dr. Day's findings. *See Brown,* 611 F.3d at 951-52. The ALJ has completely failed to discuss and analyze the opinions of Dr. Day other than to say they are inconsistent with the medical record. Further, it seems additional review is needed of opinions from Dr. Dietz.

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinions of Plaintiff's treating physician, Dr. Day Dr. Dietz  Because the ALJ did not properly review the opinions of Plaintiff's treating physician, this case should be reversed and remanded for proper review and analysis of these opinions.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **20th** day of March 2015.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE